**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Mansion Entertainment Group, LLC,** | ) | **Chapter 7** |
| | ) | |
| Debtor. | ) | **Case No. 25-60808** |
| | ) | |
| | ) | |
| **Crossland Construction Company, Inc.** | ) | Adv. Pro. No.: _____ |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Mansion Entertainment Group, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**CREDITOR CROSSLAND CONSTRUCTION COMPANY, INC'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Creditor Crossland Construction Company, Inc., by and through counsel Matthew Tillma, and pursuant to Federal Rule of Bankruptcy Procedure 7001(a) and (i), files its complaint to have a declaratory judgment entered determining money owed by Mansion Entertainment Group, LLC., and as grounds therefore state as follows:

**PARTIES**

1. Plaintiffs Crossland Construction Company, Inc ("Crossland") is a for-profit corporation with its principal place of operation in Columbus, Kansas. Crossland is a creditor of the Debtor.

2. Defendant Mansion Entertainment Group, LLC ("Debtor" or "MEG") is an is limited liability company with its principal place of operation in Branson, Missouri.

## JURISDICTION AND VENUE

3. This is an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.

4. This adversary proceeding arises out of and is related to the above-captioned Chapter 7 case before the United States Bankruptcy Court, Case No. 25-60808, United States Bankruptcy Court for the Western District of Missouri, *In re Mansion Entertainment Group, LLC*. This Court has jurisdiction in the instant adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). Crossland consents to final judgment from the Bankruptcy Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## GENERAL ALLEGATIONS

6. This adversary proceeding is brought for declaratory relief pursuant to Federal Rule of Bankruptcy Procedure 7001(a) and (i).

7. In this Complaint, Crossland seeks a declaratory judgment finding it is owed $324,466.48 pursuant to its contract with MEG for construction work at a project known as, "Three Ponies RV Park and Campground" ("Project") located in Craig County, State of Oklahoma.

**A.   The Bankruptcy Proceeding**

8. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on or about December 1, 2026 (the "Petition Date"). (Doc. 1).

9. On January 2, 2026, the initial meeting of creditors was held.

10. Proof of claims are required to be filed by March 8, 2026.

**B.   The Facts Giving Rise to the Requested Declaratory Relief.**

11. MEG, at all times relevant, was a limited liability company with its principal place of operation in Branson, Missouri.

12. On August 10, 2023, Crossland executed a written contract ("Contract") with MEG under the terms of which Crossland agreed to serve as the construction manager in connection with a project known as, "Three Ponies RV Park and Campground" ("Project"). The Contract is governed by a modified version of AIA Document A201-2017, General Conditions of the Contract for Construction ("General Conditions").

13. In Article 5.1.1, however, MEG and Crossland agreed to a "not to exceed" amount of $129,020.00 for pre-construction services.

14. While engaged in value engineering to agree upon an acceptable final guaranteed maximum price ("FGMP"), on October 12, 2023, Crossland and MEG executed a GMP Amendment establishing a $368,019.00 preliminary guaranteed maximum price ("PGMP") to cover the cost of mobilization, the establishment of a staging area, and the installation of SWPPP protocols and a site chain link fence.

15. On January 3, 2024, Change Order No. 2 was executed, increasing the Contract price to $535,321.00.

16. In January 2024, MEG suspended the Project for convenience.

17. In early 2024, Crossland submitted three pay applications to MEG for services rendered in connection with the Project. The pay applications were in the following amounts:

|  | Total Completed | Earned Retainage | Net Amount Due |
| --- | --- | --- | --- |
| Pay Application No. 1 | $345,677.00 | $17,283.85 | $328,393.15 |
| Pay Application No. 2 | $442,441.00 | $22,122.05 | $91,925.00 |
| Pay Application No. 3 | $480,723.15 | $24,036.16 | $36,368.04 |

18. Pay Application No. 1 was for work included in the PGMP Amendment. Pay Application No. 2 included some PGMP work, as well as $129,020.00 for pre-construction phase

3

services. Pay Application No. 3 to MEG was for the balance of work performed by Crossland under the PGMP Amendment.

19. MEG never resumed the Project and, despite never providing written notification as required, the Project was terminated by MEG for convenience.

20. On March 25, 2024, MEG promised it would soon be paying Crossland in full for its services.

21. Despite promises made by MEG and its individual owners, MEG failed to pay any portion of Pay Application No. 1. MEG eventually paid $128,293.84 to Crossland, leaving a balance due of $352,430.31. After applying a $27,963.83 credit for the return of a trailer, the principal amount due and owing to Crossland is $324,466.48.

22. Crossland fully performed its obligations under the Contract, GMP Amendment, and Change Order No. 2.

23. MEG materially breached the express and implied terms and conditions of the Contract.

24. On May 30, 2024, after MEG failed to honor its payment promises, Crossland recorded a lien (the "Lien") against the Project in Craig County, State of Oklahoma. Upon information and belief, the property at issue is owned by OGB Holdings, LLC.

25. On October 29, 2024, Forrec US, Inc. ("Forrec"), an architectural firm MEG apparently hired to design the American Heartland Theme Park Project and associated Stony Point Harbor Land and Hotel and Indoor Water Park, filed a lien foreclosure action in Craig County, State of Oklahoma to recover payment of $5,363,802.25 owed by MEG in design fees (the "Craig County Action").

26. Forrec named Crossland as a co-defendant in the Craig County Action because of its lien. Crossland was left with no choice but to initiate arbitration to obtain an award and judgment for the amount owed by MEG, so it could proceed in the Craig County Action.

27. On January 3, 2025, Crossland filed its arbitration demand with the American Arbitration Association ("AAA"), seeking payment of the amount owed for its work under the Contract, GMP Amendment, and Change Order No. 2 in the amount of $324,466.48 (the "Arbitration").

28. In early December 2025, the Arbitration was stayed pursuant to the instant bankruptcy action.

29. For Crossland to pursue foreclosure of the Lien in the Craig County Action, it is necessary for Crossland to first obtain a declaratory ruling from this Court finding that MEG breached its obligations under the Contract and, pursuant to MEG's breach, Crossland is owed the Contract balance of $324,466.48.

### COUNT I – DECLARATORY JUDGMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7001(a) AND (i)

30. Crossland incorporates Paragraphs 1 through 29 above as if fully set forth herein.

31. Crossland timely and fully completed all obligations owed to MEG pursuant to the Contract. Specifically, Crossland timely completed all work required by the Contract in a good and workmanlike manner, including all change order work.

32. Despite promising to pay Crossland in full, MEG has only paid $128,293.84, leaving an outstanding Contract balance of $324,466.48.

33. MEG's failure to pay Crossland for services rendered constitutes a material breach of the Contract.

WHEREFORE, Plaintiff Crossland Construction Company, Inc. prays that this Court enter an Order for the following:

(a) Crossland timely and fully completed all obligations owed to MEG pursuant to the Contract.

(b) MEG is in breach of the Contract by failing to pay Crossland an outstanding Contract balance of $324,466.48;

(c) As a result of MEG's breach, Crossland is entitled to damages in the amount of $324,446.48; and

(d) Any further relief the Court may deem just and proper.

Respectfully submitted.

**BAKER STERCHI COWDEN & RICE, LLC.**

By: s/ *Matthew L. Tillma*
Matthew L. Tillma,    #KS-001081
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone:    816-471-2121
Facsimile:    816-472-0288
Emails: matthew.tillma@bakersterchi.com
**ATTORNEYS FOR CROSSLAND CONSTRUCTION COMPANY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on the 2nd day of March 2026, with the United States Bankruptcy Court for the Western District of Missouri using the CM/ECF Electronic court filing system, which automatically provides notice to all parties requesting electronic notification.

*s/ Matthew L. Tillma*
**ATTORNEY FOR CROSSLAND CONSTRUCTION COMPANY, INC.**